FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 AUG 30 PM 2: 09

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN RE:

RICHARD A. TRACEY,

    Debtor.

****************************

RICHARD A. TRACEY,

    Plaintiff,

v.

JBJ PARTNERSHIP, *et al.*,

    Defendants.

BK Case No. 97-02183-ALB-JBA

AP Case No. 98-00271A

ENTERED

AUG 30 1999

CIVIL ACTION NO.

99-AR-1858-S

## MEMORANDUM OPINION

The court has before it a motion by JBJ Partnership, Pace Properties, James Edgar Pace, James Patrick Pace, and William Byron Pace (collectively "the Paces"), for leave to appeal, and an alternative motion to withdraw the above-referenced adversary proceeding in which the Paces are defendants. Plaintiff-debtor, Richard A. Tracey ("Tracey"), has filed in response what he calls "Motion to Dismiss Appeal and Deny Removal of Reference."

The court has heard oral argument and has considered the briefs submitted both by plaintiff and by defendants. The controversy between the parties, and/or between their counsel, is about as contentious as controversies can get. It is typified by

1

the Paces' motion to strike Tracey's response to the Paces' motion
for leave to appeal, wherein the Paces call Tracey's response
"nothing more than a scandalous and personal attack upon the
attorneys for Pace."

The case is not only mean but complex and convoluted.
Nevertheless, the court thinks it can detect where the parties are
coming from.  Tracey's allegation most pregnant with meaning is his
allegation that the adversary proceeding "should not be removed to
the District Court until the Bankruptcy Court has the opportunity
to make **findings of fact** and conclusions of law." (emphasis
supplied.)   Tracey seems to be predicting a later appeal by
disappointed Paces from a final decree entered by the bankruptcy
court **after a trial**.  Because takes a trial to produce "findings of
fact," Tracey is inconsistent when he then proposes to file a
motion for summary judgment which, of course, would be decided upon
**undisputed facts** and would not depend upon "findings of fact."

However, it is an allegation by the Paces that this court
finds even more pregnant with meaning.  It is the allegation that
the Paces motion to withdraw is due to be granted because a jury
trial has been demanded.  This allegation, of course, presupposes
that the Paces are entitled to a jury trial.

It occurs to this court that the Paces' alternative motions
are both premature.  While it is true that this court has the right
to retreat from the order of general reference in any bankruptcy

2

proceeding pending in the Northern District of Alabama "for cause shown" (a virtually unlimited right), the district court should not exercise the withdrawal option either often or "willy nilly." If the bankruptcy court here should recognize that the Paces are entitled to a jury trial (whether as a matter of right or by an exercise of judicial discretion), and if the parties thereafter should fail to agree that the bankruptcy judge can preside over such a jury trial, a withdrawal of the reference will be automatic. If the bankruptcy court should decide that the Paces are **not** entitled to a jury trial, 28 U.S.C. § 15(a)(3) will trigger a right for the Paces to seek leave of this court to appeal from that interlocutory order; and if that should happen, cases such as *In re Popkin & Stern*, 105 F.3d 1248 (8th Cir. 1997), strongly suggest that the Paces will be successful in obtaining a review by this court. On the third hand, if the bankruptcy court should allow Tracey to file his proposed motion for summary judgment and should grant the motion, the Paces will have the right to an immediate appeal from that order.

This court does not prejudge the question of whether the Paces are entitled to a jury trial pursuant to Tracey's jury demand which accompanied his complaint in the Circuit Court of Madison County, Alabama, CV-97-2320. This court staunchly and consistently advocates the right enshrined in the Seventh Amendment, but this court is not prepared to state where that advocacy logically leads

3

in this case - that is, unless and until the bankruptcy court first expresses itself on the subject.   The bankruptcy court's mere denial of the Paces' motion to abstain neither constitutes nor predicts a ruling on the Paces' entitlement to a trial by jury. The two separate complaints initiated by Tracey against the Paces overlap and/or are inextricably intertwined.   The court cannot see how Tracey can litigate his differences with the Paces simultaneously in two forums, both chosen by him.   There never has been anything in the history of Anglo-Saxon jurisprudence like the procedural posture of this case.   *Sui generis* it certainly is. This may or may not explain why the bankruptcy court did not undertake to articulate a basis for its denial of the Paces motion to abstain.

By separate order, the court will deny the Paces' motion for leave to appeal and their alternative motion for withdrawal, both however, being expressly without prejudice to their right to appeal and without prejudice to their right to request a withdrawal of the reference after they obtain a ruling from the bankruptcy court on their entitlement to trial by jury or after a dispositive ruling by the bankruptcy court.   In the event of a subsequent appeal, a motion for leave to appeal, or a motion for withdrawal, the Clerk is directed to assign the matter to the undersigned in order to avoid duplication of effort by the district court.

4

DONE this _30_ day of August, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE